**IN THE IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JORGE ZAMBRANO )<br>)<br>) | **JURY TRIAL DEMANDED** |
| )<br>Plaintiff, )<br>) | Case No. 1:23-cv-01562 |
| v. ) | |
| CITY OF CHICAGO, ) | |
| UNKOWN CHICAGO POLICE )<br>OFFICERS )<br>In their individual capacities, ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff Jorge Zambrano, (hereinafter, "Plaintiff"), for his complaint against Defendants City of Chicago, a municipal corporation, and Unknown Chicago Police Officers, states the following:

**CAUSE OF ACTION**

1. This is an action for damages, brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, the Fourth Amendments to the United States Constitution, and under the laws of the state of Illinois, against the City of Chicago and Unknown Chicago Police Officers in their individual capacities (hereinafter, "Defendant Officers").

2. On Match 14th, 2022, Defendant Officers unlawfully and without justification stopped the Plaintiff vehicle, arrested the Plaintiff, and at some point, unlawfully pointed a gun at the Plaintiff.

3. As a result of the misconduct of the defendants, Plaintiff suffered severe personal and emotional injuries.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States; 42 U.S.C. § 1983 and § 1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of state law.

5. This Court has supplemental jurisdiction over the Plaintiff's causes of action arising under Illinois state law pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that all of the claims and events giving rise to this action occurred in this district.

## PARTIES

7. The Plaintiff, Jorge Zambrano, is a United States citizen and resident of the State of Illinois, County of Cook.

8. At all relevant times herein referenced, Defendant Officers were employed by the City of Chicago as sworn police officers. They are being sued in their

individual capacities. At the time of the incident in this Complaint, Defendant Officers were engaged in the conduct complained of while acting within the scope of their employment and under color of state law.

9. At all relevant times herein, Defendant, City of Chicago, was and is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer of all Defendants.

## BACKGROUND

10. On March 14, 2022, the Plaintiff, a 16-year-old minor at the time, was driving on Harlem Ave, within the City of Chicago, accompanied by his girlfriend and her friend.

11. At approximately 6:30pm two Chicago police officers in one marked squad car, conducted a traffic stop on the Plaintiff's vehicle.

12. During the traffic stop, the two Chicago police officers approached the Plaintiff's car while ordering him to lower his car windows. The Plaintiff complied with the order and rolled down the windows of his car.

13. After rolling down his windows, a Chicago police officer stuck his head into the front passenger side of the Plaintiff's vehicle, while the other Chicago police officer stuck her head into the driver's side of the Plaintiff's vehicle.

14. The Defendant Officers alleged that the Plaintiff had a taillight violation but then proceeded to aggressively ask the Plaintiff a barrage of questions involving whether the Plaintiff had guns or illegal drugs in his car. During this questioning,

3

the Plaintiff, to no avail, and at several points in time, informed Defendant Officers that he had no drugs, contraband, or guns in his car or in his possession.

15. The Defendant Officers asked Plaintiff to produce his driver's license and insurance and at some point, while Plaintiff retrieved his insurance, Defendant Officers unjustifiably became aggressive, with one of them drawing his weapon and pointing it at Plaintiff while yelling at Plaintiff.

16. While still yelling at the Plaintiff, the Defendant Officers ordered the Plaintiff and his companions out of the vehicle. The Plaintiff was placed in handcuffs and positioned at the back of his car while his companions were told to stand by the side of the road.

17. While handcuffed, one of the Defendant Officers mocked Plaintiff, yelled at Plaintiff, told Plaintiff he was "dumb" and "stupid" while making inappropriate jokes mocking the Plaintiff. During this time, the other Defendant Officer illegally searched Plaintiff's car for drugs and guns. No weapons, guns or drugs were found in Plaintiff's car. Moreover, Defendant Officers had no probable cause for the search of Plaintiff's car.

18. After this illegal search, the Plaintiff and his companions were ordered back into the Plaintiff's vehicle and were told to leave.

19. The Defendant Officers never wrote, gave, or issued the Plaintiff or anyone of his companions a traffic ticket nor was Plaintiff or anyone of his companions charged with a criminal offense.

20. At no point before or during the police interaction did the Plaintiff or his companions engage in conduct that would have given the police officers reasonable articulable suspicion or probable cause to stop his vehicle, search his vehicle or his person or prolong the so-called traffic stop.

21. As a direct and proximate result of the willful, wanton, and malicious actions of the Defendant Officers, the Plaintiff suffered the following injuries and damages:

> a. Violation of his constitutional rights under the Fourth Amendment to the United Sates Constitution;
>
> b. Loss of his physical liberty;
>
> c. Psychological abuse, mental coercion and pain; and
>
> d. Mental and emotional trauma.

22. At all relevant times, all Defendant Officers were acting under color of state law and under color of authority as police officers, employees, and agents or servants of the City of Chicago, Illinois.

**COUNT 1**
**42 U.S.C. §1983—Unlawful stop/ False Arrest/unlawful search and Excessive Force, all in violation of the Fourth Amendment**
**(Against Defendant Officers)**

23. Each paragraph of this Complaint is incorporated as if restated fully herein.

24. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his

person from unreasonable search and seizure through excessive force, unlawful search, false arrest or an unlawful stop.

25. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

26. Defendant Officers actions as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and were taken intentionally and with willful and wanton indifference to the constitutional rights of the Plaintiff.

27. Defendants Officers actions, as described herein, were intended to cause harm unrelated to any legitimate object of arrest or seizure.

28. Defendant Officers' actions of stopping Plaintiff's car without probable cause or reasonable articulable suspicion, and seizing the Plaintiff by prolonging the traffic stop, and unlawfully searching Plaintiff's car, while mocking the Plaintiff and pointing a gun at the Plaintiff, all constituted an unreasonable stop, seizure and search lacking in probable cause and thereby unreasonably restraining the Plaintiff in his freedom.

29. As a direct and proximate consequence of said conduct of Defendant Officers, Plaintiff suffered violations of his constitutional rights, fear, emotional distress, and other injuries.

## COUNT II

### State Law Claim—Intentional Infliction of Emotional Distress
### (Against Defendant Officers & City of Chicago)

30. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

31. The acts and conduct of the Defendant Officers as set forth above were extreme and outrageous. The Defendant Officers intended to cause or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to the Plaintiff, as is more fully alleged above.

32. Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiff, and thereby constituted intentional infliction of emotional distress.

33. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

34. In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment and under color of law.

35. Defendant City of Chicago is liable as principal for all torts committed by its agents including the Chicago Police Department.

36. In consequence thereof, Defendant City of Chicago is liable to Plaintiff under Illinois law, pursuant to the doctrine of *respondeat superior*.

37. As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

## COUNT III
### State Law Claim—Battery
### (Against Defendant Officers & City of Chicago)

38. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

39. The unlawful actions of the unknown Defendant Officers against the Plaintiff and as described in the preceding paragraphs, were undertaken intentionally, without the consent and against the will of the Plaintiff and resulted in harmful and/ or offensive contact with the body of the Plaintiff when Plaintiff was placed in handcuffs and led out of his car.

40. The actions of the unknown Defendant Officers constituted battery against the Plaintiff under Illinois law and were undertaken without legal justification.

41. In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment and under color of law.

42. Defendant City of Chicago is liable as principal for all torts committed by its agents including the Chicago Police Department.

43. In consequence thereof, Defendant City of Chicago is liable to the Plaintiff under Illinois law, pursuant to the doctrine of *respondeat superior*.

44. As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

## COUNT IV
### State Law Claim—Assault
### (Against Defendant Officers & City of Chicago)

45. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

46. The unlawful actions of the unknown Defendant Officers against the Plaintiff as described in the preceding paragraphs, including pointing a gun at Plaintiff, placed the Plaintiff in reasonable apprehension of receiving imminent physical harm or contact.

47. The actions of the unknown Defendant Officers constituted assault against the Plaintiff under Illinois law and were undertaken without legal justification.

48. In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment and under color of law.

49. Defendant City of Chicago is liable as principal for all torts committed by its agents including the Chicago Police Department.

50. In consequence thereof, Defendant City of Chicago is liable to Plaintiff under Illinois law, pursuant to the doctrine of *respondeat superior*.

51. As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

## COUNT V
### State Law Claim—False Imprisonment
### (Against Defendant Officers & City of Chicago)

52. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

53. The unlawful actions of the unknown Defendant Officers in ambushing the Plaintiff as described in the preceding paragraphs, caused a restraint of the Plaintiff without reasonable grounds to believe that the Plaintiff was committing an offense.

54. The actions of the unknown Defendant Officers constituted false arrest against the Plaintiff under Illinois law and were undertaken without probable cause.

55. In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of employment and under color of law.

56. Defendant City of Chicago is liable as principal for all torts committed by its agents including the Chicago Police Department.

57. In consequence thereof, Defendant City of Chicago is liable to Plaintiff under Illinois law, pursuant to the doctrine of *respondeat superior*.

58. As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

## COUNT VI
### Indemnification Pursuant to 745 ILCS 10/9-102
### (Against the City of Chicago)

59. Each paragraph of this Complaint is incorporated as if restated fully herein.

60. The misconduct of all Defendants were committed in the scope of their employment with the Defendant City of Chicago.

61. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from the actions of all Defendants.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands the following relief, jointly and severally, against all the Defendants:

A. Compensatory damages with respect to all counts.

B. Punitive damages with respect to all unknown Defendant Officers in their individual capacities.

C. Attorney's fees pursuant to 42 U.S.C. § 1988. Award Plaintiff's counsel reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law.

D. Such other and further relief as this Court may deem appropriate under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

/s/ Nenye E. Uche

Nenye E. Uche
UCHE P.C.
314 N. Loomis St.,
Suite G2
Chicago, IL 60607
Tel: (312) 380-5341
Fax: (773) 525-0751
Attorney No: 6294606
Email: nenye.uche@uchelitigation.com